UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BUFFALO LABORERS' WELFARE FUND, et al.

                              Plaintiffs,

              -vs-                                          08-CV-746C

D. LAND CONSTRUCTION COMPANY, INC., and
LAND CONTRACTING, INC.,

                              Defendants.
_____


## BACKGROUND and FACTS

In this action, brought pursuant to section 301 of the Labor Management Relations

Act ("LMRA"), 29 U.S.C. § 185, and Sections 502 and 515 of the Employment Retirement

Income Security Act ("ERISA"), 29 U.S.C. § 1132 and 29 U.S.C. § 1145, plaintiffs seek to

recover unpaid fringe benefit contributions, interest, statutory damages, and reasonable

attorneys' fees, costs, and disbursements. Defendants failed to answer, appear, or

otherwise defend this action, and the Clerk entered default on November 12, 2008 (Item

5).

On February 25, 2009, plaintiffs filed a motion for default judgment (Item 6). At that

time, they sought, *inter alia,* unpaid fringe benefit contributions in the amount of $12,085.27

and an audit of defendant's books and records for the period April 1, 2006 to the present.

In an order dated May 13, 2009, the court ordered defendant to cooperate in the audit of

its books and records in accordance with the collective bargaining agreements ("CBA") in

force during the time periods at issue. Additionally, the court declined to enter a default judgment at that time, as the record with respect to plaintiffs' damages was incomplete (Item 7).

Due to defendants' lack of cooperation, plaintiffs were unable to conduct the audit. On October 14, 2009, they sought an order holding defendants in contempt and imposing a coercive per diem fine of $250.00 as to each defendant from the date of service of the order of contempt until that time as defendants submitted to the audit (Item 12). The court directed defendants to file and serve a response to the motion for contempt and sanctions (Item 15).

On December 8, 2009, the court received a letter from Dadon Land, president of the defendant corporations. Mr. Land advised the court that he was "ready and willing" to cooperate with the previously ordered audit of the payroll records. In an order dated December 11, 2009, the court directed plaintiffs to contact Mr. Land to arrange for the audit and to advise the court of their progress and the defendants' cooperation. The order specifically provided that the "[f]ailure of defendant to cooperate with the audit will result in a finding of contempt and entry of default judgment . . . ." (Item 17).

In a letter received July 14, 2010, plaintiffs' counsel advised the court that defendants have failed to respond to their written and telephonic requests for the audit (Item 18).

**DISCUSSION**

**1. Motion for Contempt**

A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 655 (2d Cir. 2004) (quoting *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995)). Here, the two orders directing the audit (Items 7, 17) were clear and unambiguous, proof of defendants' noncompliance is clear and convincing, and defendants have not attempted to comply with the orders despite repeated requests and direction from the court to do so. Under the circumstances, the court finds defendants in contempt of this court's orders to cooperate with an audit of its payroll records.

Courts may impose civil contempt sanctions in order to achieve compliance. Sanctions that may be imposed for civil contempt include fines that cease to accrue when the noncomplying party purges himself of the contempt. *See Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 590 (1947). "To the extent that a contempt sanction is coercive, the court has 'broad discretion to design a remedy that will bring about compliance.'" *Paramedics Electromedicina Comercial, Ltda.*, 369 F.3d at 657 (quoting *Perfect Fit Indus. v. Acme Quilting Co.,* 673 F.2d 53, 57 (2d Cir. 1982).

In deciding whether to impose a coercive remedy, the district court must consider (1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him.

*EEOC v. Local 638*, 81 F.3d 1162, 1177 (2d Cir. 1996) (internal quotation marks omitted). The most important consideration is whether the sanction is reasonable in relation to the facts surrounding the contempt. *See New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989); *see also Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir.1979) (noting that courts have wide discretion in fashioning coercive contempt sanctions).

Defendants' continued failure to submit to the audit makes it impossible for plaintiffs to determine the total amount of delinquent contributions and to calculate their total damages. The sanction of civil contempt and the imposition of a fine are reasonable in relation to the character and magnitude of defendant's continued disregard for the audit required by the CBAs and this court's orders directing defendants' cooperation. Given the numerous delays and defendants' lack of cooperation, it is reasonable to conclude that, without the threat of coercive sanctions, defendants will again fail to comply. A fine of $100.00 per day is severe enough to encourage the defendants to quickly comply with the order, but is not so severe as to financially harm them. Accordingly, a coercive fine of $100 per day is imposed from the date of service of this order until that time as defendants submit to the audit.

## 2. Motion for Default Judgment

Additionally, the plaintiffs seek default judgment against the defendants. A party's default is deemed to constitute a concession of all well-pleaded allegations of liability as set forth in the complaint; damages, however, must be proven by the party. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Thus, the court is required to accept as true both that defendants were bound under the terms of the CBAs into which they entered and that they failed to contribute to the funds as required by the CBAs. *Christian, et. al. v. Columbus Construction Co.*, 2010 WL 1849258, at *1 (E.D.N.Y. April 13, 2010) (holding that by virtue of a default judgment, the court is required to accept as true that the defendant was bound to the collective bargaining agreement). Plaintiffs now need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. The affirmations and other documentary evidence submitted by plaintiffs provide a sufficient basis to determine a partial damages award. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (citing *Fustok v. ContiCommodity Services, Inc.,* 873 F.2d 38, 40 (2d Cir. 1989) ("[It is] not necessary for the District Court to hold a hearing, as long as it ensure[s] that there was a basis for the damages specified in a default judgment.").

Under 29 U.S.C. § 1132(g)(2), a plaintiff who has established liability under § 1145 is entitled to an award of: (1) unpaid benefit contributions, (2) interest on the unpaid contributions, (3) liquidated damages in an amount equal to the greater of either the

interest on the unpaid contributions or liquidated damages provided for under the CBA in an amount not in excess of 20 percent of the unpaid contributions, (4) reasonable attorneys' fees and costs, and (5) such other legal and equitable relief as the court may deem appropriate. 29 U.S.C. § 1132(g)(2). The statute mandates that the court "shall" award these damages. *Id.*

Taking the factual allegations of the complaint to be true, plaintiffs have established the elements of liability required to state a violation of Section 515 of ERISA. Plaintiffs have submitted remittance reports and an Audit Report in support of their allegation that defendants failed to make a total of $12,085.27 in required fringe benefit contributions, union dues of $1,287.32, political action committee contributions of $315.75, and Construction Industry Employers Association ("CIEA") contributions of $164.96 (Item 6, Affidavit of Tracy Baugher, Exhs. C, D, E ). Plaintiffs have also submitted an interest calculation on the unpaid amounts (Item 6, Exh. F) and have documented the attorney hours and applicable hourly rates so as to determine a reasonable attorney fee award (Item 6, Exhs. H, I, J, K). Having reviewed the exhibits, the court finds that the requested attorney fees are reasonable. Accordingly, plaintiffs are awarded damages in the amount of $12,085.27 in unremitted employee fringe benefits, interest on that amount of $1,277.76, statutory damages of $1,277.76, $430.00 in costs, $10,861.50 in attorneys' fees, unpaid union dues in the amount of $1,287.32 with interest of $171.22, unpaid political action committee contributions in the amount of $315.75 with interest of $80.66, and CIEA contributions in the amount of $164.96 with $20.94 in interest, for a total partial award of $27,973.14 .

This case shall remain open. The defendants are ordered to submit their payroll

6

records for the purpose of an audit so that the plaintiffs' damages can be fully determined. When the audit is complete, plaintiffs are directed to provide the court with an updated affidavit of their damages.

So ordered.


_____ \s\ John T. Curtin _____
JOHN T. CURTIN
United States District Judge

Dated: 09/30, 2010
p:\pending\2008\08-746.aug1610